**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY JAMES FITCH, #302500** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1844** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL.** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Larry James Fitch, a state prisoner, filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. Alleging that he was injured when he accidentally fell while existing a jail van, plaintiff sued the Terrebonne Parish Criminal Justice Complex and Warden Triche.

### I. Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, malicious, and/or for failing to state a claim upon which relief may be granted.

## II. Plaintiff's Claim

In his complaint, plaintiff states his claim as follows:

> I was being transported from court, where, when I got out of the van, I had too step down on a stool in leg shackles, the stool had a broken leg, I fell and lost conscience, when I woke up, I was face down on the cement in severe pain, the transporting officer trying to take the lockbox off of me, at that time the nurse said, they only trying to take the lockbox off, I was unconscience on the cement 5-10 minutes, and it was on camera.[2]

As an initial matter, the Court notes that plaintiff previously asserted this same claim in a prior lawsuit which was dismissed with prejudice as legally frivolous and for failure to state a claim. Fitch v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 17-2120 (E.D. La. Apr. 10, 2018). Therefore, the instant complaint is subject to immediate dismissal as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 7, pp. 3-4.

Alternatively, the Court additionally notes that, for the following reasons, the complaint is also subject to immediate dismissal as frivolous and/or for failing to state a claim upon which relief may be granted.

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and *second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

As noted, plaintiff's claim is that he was injured when he accidentally fell while existing a jail van. That claim clearly fails on the second prong of the foregoing test, because it is beyond cavil that accidental falls simply do not rise to the level of federal constitutional violations. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) ("slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); Oliva v. Rupert, Civ. Action No. 6:12cv349, 2013 WL 12092301 (E.D. Tex. Apr. 5, 2013) (prisoner's claim that he fell while

exiting a prison van failed to state a federal claim), adopted, 2013 WL 12092302 (E.D. Tex. May 21, 2013), appeal dismissed, 555 Fed. App'x 287 (5th Cir. 2014); Johnson v. Miles, Civ. Action No. 1:07cv507, 2008 WL 4524823, at *4 (E.D. Tex. Sept. 29, 2008) (same). As the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, malicious, and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of April, 2018.

Daniel E. Knowles, III

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**